IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| NICHOLAS ADDISON, | * |
| Plaintiff, | * |
| v. | * |
| | *  No. 3:16CV00189-BRW-JJV |
| GREENE COUNTY DETENTION CENTER, | * |
| Defendant. | * |

## ORDER

Nicholas Addison initiated this lawsuit alleging he has been "starving in the Greene County Detention Center." (Doc. No. 1.) Plaintiff is a three-striker[1] within the meaning of 28 U.S.C. § 1915(g)[2] of the Prison Litigation Reform Act ("PLRA"). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Here, however, Plaintiff has potentially alleged he is in imminent danger of serious physical injury. Specifically, he alleges he has been starving in the Greene County Detention Center. (Doc. No 1.) His Complaint, however, is wholly deficient and he will be afforded and opportunity to amend. It is deficient because the Green County Detention Center is not a "person" and cannot be sued and Plaintiff fails to state any factual basis to support his allegation that he is

---

[1]*Addison v. Martin*, Case No. 3:15CV00001 (E.D. Ark. 2015); Addison v. Martin, Case No. 3:15CV00009 (E.D. Ark. 2015); Addison v. Martin, Case No. 3:15CV00096 (E.D. Ark. 2015).

[2]In relevant part it provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

starving.

Plaintiff, if he chooses, may submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint which contains all of his claims against all defendants he is suing in a single document. He is cautioned that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should 1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named defendant in a simple, concise, and direct manner, including dates, times, and places, if applicable; 3) indicate whether he is suing each defendant in his/her individual or official capacity, or in both capacities; 4) how Plaintiff was harmed; and 5) state whether he was incarcerated at the time as a pretrial detainee. Any Amended Complaint should limit itself to a **short and plain statement** of his claims. Fed. R. Civ. P. 8 (a)(2).

IT IS, THEREFORE, ORDERED THAT:

1. The Clerk shall mail the 42 U.S.C. § 1983 complaint form to Plaintiff with this Order. If Plaintiff wishes to amend his Complaint, he may complete the new complaint form in its entirety in accordance with this Order, mark it as "Amended Complaint," and file within thirty (30) days of the date of this Order.

2. Plaintiff's Complaint, as it now stands, is deficient and his claims may be dismissed after thirty (30) days of the date of this Order.

DATED this 28th day of January, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE